FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 17  PM 1: 20

LORETTA G. WHYTE
CLERK

ZAINEY, J.
FEBRUARY 16, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VOLVO TRUCKS NORTH AMERICAN, INC. | CIVIL ACTION |
| VERSUS | NO. 02-3398 |
| CRESCENT FORD TRUCK SALES, INC. | SECTION "A"(4) |

### AMENDED ORDER AND REASONS[1]

Before the Court are a **Motion for Appeal From Magistrate's Discovery Order by Volvo Trucks North America, Inc.** (Rec. Doc. 139), and a **Motion for Appeal of Court's Decision Granting Portions of the 30(b)(6) Notice of Luciano** (Rec. Doc. 138) filed by plaintiff Volvo Trucks North America, Inc. ("Volvo"), and an **Objection on Behalf of Crescent Ford Truck Sales, Inc. To Order**

---

[1] This Order and Reasons replaces in its entirety the Order and Reasons dated February 14, 2006, and entered on February 15, 2006, at Doc. No. 199. The Order entered at Doc. No. 199 was a draft order and was released in error.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

of Magistrate Judge on Volvo's Motion to Quash 30(b)(6) Notice and Hutchinson Deposition Notice, As to Categories 7 & 8 of the Deposition Notice Only (Rec. Doc. 147) filed by defendant Crescent Ford Truck Sales, Inc. ("Crescent"). All motions are opposed. The motions, reset for hearing on January 11, 2006, are before the Court on the briefs without oral argument.

Volvo appeals the magistrate judge's ruling granting a motion for protective order (Rec. Doc. 95) filed by Crescent in response to a 30(b)(6) deposition notice served on Crescent by Volvo. The magistrate judge issued an oral ruling on May 18, 2005, and a written ruling followed on June 1, 2005. (Rec. Doc. 132). Volvo's notice contains 18 areas of inquiry (AIs) and 18 corresponding document requests (DRs). (Def. Oppo., Rec. Doc. 161, Exh. A). The magistrate judge concluded that Volvo had failed to demonstrate the relevancy of any of the AIs and therefore quashed the notice in its entirety. For the reasons that follow, Volvo's motion for appeal is GRANTED IN PART AND DENIED IN PART.

The parties have filed cross appeals on the magistrate judge's ruling granting in part and denying in part a motion to quash filed by Volvo in response to a 30(b)(6) notice served on Volvo by Crescent. The magistrate judge issued a written ruling on June 1, 2005. (Rec. Doc. 131). For the reasons that follow,

2

Volvo's motion is DENIED and Crescent's motion is GRANTED IN PART AND DENIED IN PART.

I.  **BACKGROUND**[2]

This lawsuit had its beginnings in a bankruptcy proceeding filed by Luciano Refrigerated Transport, Inc., ("Luciano") whose president is Mr. Louis Saia, III ("Saia"). Luciano is (or was) a customer of both plaintiff Volvo and defendant Crescent. Crescent is an authorized agent, representative and franchise dealer of Volvo Trucks pursuant to a written Dealer Sales and Service Agreement.

On November 20, 1996, Volvo sold to Crescent a fleet of 50 Volvo trucks which were built by Volvo Trucks North America, Inc., for Luciano based on specifications approved by Luciano. Crescent then sold the trucks to Volvo Commercial Finance, L.L.C., which in turn leased the trucks to Luciano. The arrangement was required because Luciano was in financial difficulty and could not get financing to purchase the trucks outright.

The negotiations between Volvo and Luciano were handled orally by Saia for Luciano and Russ Tedder, Vice President of

---

[2] The following factual background was taken in large part from the written reasons entered by Judge Livaudais on March 24, 2004 (Rec. Doc. 40).

3

Volvo's Southern Region, for Volvo. Crescent was not a party to those negotiations but was an observer. A purchase order was prepared by Crescent at the direction of Tedder, and signed by Saia for Luciano before the trucks were built. Luciano alleged that during the negotiations Saia expressed concerns regarding the reliability of the Volvo Tractors. (Doc. No. 96, Exh. K, Complaint for Damages filed in the Bankruptcy Court, ¶ 7). Saia claimed that Crescent and Volvo made various representations to help alleviate those concerns and that Saia relied upon these representations when entering into the Volvo lease. (Id.).

At the time of the lease, Volvo extended to Luciano three written warranties: a Basic Truck Warranty Extended for 42 months or 500,000 miles; a Basic Powertrain Warranty, and a VIP C Engine Warranty. The Basic Truck Warranty and the Basic Powertrain Warranty were activated by a Warranty Registration Certificate which incorporated those two warranties. That Certificate was purportedly signed by Saia on behalf of Luciano. Volvo Finance, actual owner of the trucks, assigned the warranties provided by Volvo, the builder of the trucks, to Luciano. In the bankruptcy proceeding Luciano claimed that Volvo had orally promised a "bumper to bumper" warranty that included everything but batteries. (Doc. No. 96, Exh. K, Complaint for Damages filed in the Bankruptcy Court, ¶ 8). Luciano claimed to

4

have paid Volvo $185,000.00 for that warranty but never received a copy in writing. (Id. ¶¶ 8, 10). The trucks were delivered in early 1997.

After the trucks were on the road for about a year, disputes arose between Luciano and Volvo regarding coverage under the various warranties. Luciano claimed to have spent substantial sums of money to repair the Volvo vehicles but that Volvo refused to honor the bumper to bumper warranty. (Id. ¶ 12). Negotiations between the parties proved to be fruitless. Luciano subsequently filed for bankruptcy protection in 1998, and on November 2, 1999, filed adversary proceeding 99-1224 against Volvo North America and Volvo Commercial Finance, alleging, *inter alia*, fraud on Volvo's part in its failure to honor the oral "bumper to bumper" warranty that Saia claimed to have negotiated directly with Russ Tedder. (Doc. No. 96, Exh. K). In discovery on that matter, Volvo learned that Saia had not actually signed the Warranty Registration Certificate. Rather, Glenn Koch, a salesman with Crescent at that time, actually signed Saia's name to the Warranty Registration Certificate thereby activating the warranties.³ Volvo claims that it would have been entitled to

---

³ Koch attests that it was common practice for Saia to authorize and instruct him to sign Saia's name to Volvo warranty registrations. (Doc. No. 96, Exh. 6, Koch Affidavit, ¶ 8). Saia testified that he did not recall giving Koch permission to sign

5

summary judgment in the adversary proceeding if Saia had personally signed the Certificate because the Certificate clearly states that no oral warranties can alter the limits and terms of the written warranties. At the very least, Volvo argues that its defense to Luciano's adversary proceeding was weakened because if Saia did not actually sign the Certificate, he could not be held to its terms.

Volvo claims that Koch's action in signing the Certificate for Saia was in violation of an express contractual provision in Crescent's 1995 Dealer Agreement with Volvo and was an "egregious" breach of Dealer Agreement, and the cause of substantial damages to Volvo. Volvo filed a third party demand against Crescent in the adversary proceeding asserting that if Volvo were to be found liable to Luciano for any amount then Crescent should reimburse Volvo. (Doc. No. 96, Exh. N, Volvo's Third Party Demand, ¶ 4). Volvo asserted that Luciano was seeking consequential damages based on an oral promise and that such a claim would have been precluded had Saia personally signed the Certificate. Volvo settled with Luciano in February 2002, (Rec. Doc. 96, Exh. O), and the bankruptcy court then dismissed Volvo's third party demand against Crescent for lack of subject

---

for him but that Koch might have told him that he had done so. (Doc. No.96, Exh. E, 3/31/05 Saia Depo. at 24).

matter jurisdiction. Volvo then filed this action against Crescent seeking to recover the full amount of the settlement with Luciano as well as attorney's fees and costs. Volvo claims that Crescent breached the Dealer Agreement when Koch signed Saia's name to the Warranty Certificate and that this breach led to the Luciano lawsuit which Volvo ultimately paid $475,000.00 to settle.

**II. DISCUSSION**

**1. Volvo's Appeal Regarding Its 30(b)(6) Notice to Crescent (Rec. Doc. 139)**

*A. The Parties' Contentions*

Volvo argues that the magistrate judge applied different standards in evaluating Volvo's 30(b)(6) notice and Crescent's 30(b)(6) notice, because she construed Volvo's complaint very narrowly when evaluating Volvo's notice to Crescent but construed the complaint broadly when evaluating Crescent's notice to Volvo. Volvo argues that the two decisions cannot be reconciled.

Further, Volvo contends that the Court should order the depositions to go forward on the topics noticed because they are the logical background, corroboration, and explanation of the breach of contract claim pleaded in Volvo's original complaint. Volvo asserts that many of the topics listed in the notice address the affirmative defense that Crescent raised in its

7

answer, e.g., lack of causation, failure to mitigate damages, and comparative fault. Volvo urges the Court to consider not only Volvo's claim but Crescent's defenses when considering whether the notice topics are relevant.

In opposition, Crescent argues that while Volvo states in broad terms that the noticed topics "address the issues raised in Crescent's defenses," Volvo can provide no specific support for that contention. Crescent contends that the magistrate judge asked Volvo to explain the relevancy of the topics vis à vis Crescent's defenses but that Volvo was unable to do so. Crescent contends that the topics contained in the notice pertain to new legal theories that Volvo sought to add via its amended complaint, theories which Volvo has also asserted in support of its attempt to terminate Crescent's Volvo franchise. Crescent suggests that Volvo is using the 30(b)(6) deposition in part to improperly obtain evidence to use against Crescent in the proceedings before the Louisiana Motor Vehicle Commission. Crescent contends that any information sought post-1997 is simply not relevant because Koch signed Saia's name to the Registration Certificate in 1997.

In reply, Volvo asserts that if the magistrate's ruling stands it will be prevented from obtaining discovery as to the chain of causation between the breach of contract and the lawsuit

8

and the settlement. Volvo contends that the noticed topics are reasonably calculated to lead to the discovery of admissible evidence as to the issues raised in Volvo's complaint and Crescent's answer.

### B. Law and Analysis

This matter was before the assigned magistrate judge pursuant to Federal Rule of Civil Procedure 72(a). Rule 72(a) addresses nondispositive pretrial matters referred to a magistrate judge. Rule 72(a) states that the district judge shall, upon the timely filing of an objection, modify or set aside any portion of a magistrate's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

Under the rules of discovery "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim *or defense* of any party . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action so long as it appears reasonably calculated to lead to the discovery of admissible evidence, subject to certain limitations. Id.

Volvo's main contentions for allowing the discovery is that it provides background/explanation and corroboration of its breach of contract claim, and that it is relevant to Crescent's

9

defenses, in particular lack of causation[4] and mitigation of damages. Both contentions require the Court to identify the exact claim that Volvo is asserting in this case because even insofar as defenses are concerned the Court does not consider them in the abstract but rather with respect *to the specific claim being asserted*. The terms "causation," "mitigation of damages," and "comparative fault" are broad and the Court imagines that creative advocates can make a colorable argument to fit virtually any type of evidence into one of these three broad categories. Evaluation of the relevancy determination necessarily begins with an examination of Volvo's claim in this case.

Volvo is suing Crescent for breach of contract and the damages resulting therefrom. Since the time Volvo filed this lawsuit on November 13, 2002, the specific breach of contract claim that Volvo has alleged is Crescent's failure to have Saia personally sign the Registration Certificate as required by the parties' Dealership Agreement, or more specifically that Koch signed Saia's name.[5] Volvo's contention throughout this lawsuit

---

[4] Causation will be Volvo's burden to prove so the "chain of causation" would be an issue in this case even if Crescent had not raised lack of causation as a defense.

[5] Volvo's claim against Crescent actually predates the lawsuit in this Court because the claim was first asserted via


has been that Crescent's omission *caused* the Luciano lawsuit because if Saia had signed the Registration Certificate then Luciano would have been foreclosed from pursuing damages based on any alleged oral promises. The damages that Volvo seeks to recover as a result of that alleged breach are the costs, expenses, and attorney's fees associated with the Luciano lawsuit, and of course the $475,000.00 paid in settlement. Thus, this lawsuit is Volvo's claim for those damages that it can causally link to a very specific alleged omission, *i.e.*, Crescent's failure to obtain Saia's signature on the Registration Certificate, or more specifically that Koch signed Saia's name.

The Court finds no merit to Volvo's contention that the magistrate judge gave Volvo's complaint an erroneously narrow interpretation--in fact, Volvo's claim is a very specific one.

---

the November 9, 2000, third party demand that Volvo filed against Crescent in the Luciano adversary proceeding pending in the bankruptcy court. Although the third party demand was one for indemnity rather than breach of contract, the alleged basis for Crescent's liability was the same specific conduct that forms the basis for the breach of contract claim in this lawsuit, *i.e.*, Koch's signing of Saia's name to the Warranty Registration Certificate. In the Court's June 15, 2005, ruling denying Crescent's motion for partial summary judgment, the Court rejected Crescent's contention that Volvo was required to pursue its claim in this Court based on indemnity rather than breach of contract. (Rec. Doc. 152). Nevertheless, whether based on indemnity or breach of contract, Volvo's claim against Crescent has always been that Crescent injured Volvo by failing to obtain Saia's signature on the Warranty Registration Certificate.

Every document contained in the Court record during the five-plus years that this matter has been pending demonstrates that Volvo's alleged basis for the breach of contract claim has always been Crescent's failure to obtain Saia's signature on the Registration Certificate. Volvo clearly attempted to broaden its basis for recovering on a breach of contract claim by adding new alleged breaches in its amended complaint but the Court denied Volvo's motion to amend. Thus, the Court has before it a very specific claim and the contours of any defenses raised in this case will necessarily be governed by the contours of that claim.

With a clear understanding of the basis of Volvo's claims it is quite easy to see why none of the 18 AIs and corresponding DRs in Volvo's 30(b)(6) notice are relevant as background, corroboration, and explanation of the breach of contract claim pleaded in Volvo's original complaint. For instance, AIs 2, 4, 7, and 9 deal with warranty administration, the Warranty Procedures Manual, and Warranty Training "as of today," and warranty training from "1998 to date." Given that Volvo settled the Luciano litigation in 2000, and claims that Crescent violated a 1995 agreement sometime in 1996-97, the Court sees absolutely no basis to allow this discovery under the broadest interpretation of the discovery rules. Likewise, AIs 14, 15, and 16, which seek warranty information for fleet owners other than

Luciano and for the warranty programs of Sterling and Ford, are wholly irrelevant as background, corroboration, and explanation of the breach of contract claim pleaded in Volvo's original complaint. Nor do these inquiries, which are based on recent events and/or dealing with third parties have any relevance to any of Crescent's defenses.

The remaining AIs pertain to Volvo warranty administration by Crescent as well as warranty training and procedures in the 1996 to 2000 time frame. Volvo argues that the warranty history of the trucks is crucial to the chain of causation. Volvo claims that almost all of the claims that formed the basis of Luciano's suit were for work done by non-Volvo dealers. Volvo claims that Crescent was required to enter those non-Volvo-dealer claims into the Volvo warranty database for consideration by Volvo but that Crescent failed to do so. Volvo argues that these AIs are crucial to the chain of causation because if Crescent had entered the non-Volvo claims into the warranty database then there would have been no lawsuit. Volvo adds that it had very little opportunity to mitigate its damages because Crescent failed to enter non-Volvo-dealer warranty claims into the Volvo database.

Volvo warranty administration by Crescent, warranty training and procedures in the 1996 to 2000 time frame, and the warranty history of the trucks are not part of the chain of causation in

13

this case. The first link in the causation chain is Crescent's failure to obtain Saia's signature on the Warranty Registration Certificate, and the last link is the damages incurred by Volvo as a result. The Luciano lawsuit itself is naturally part of the causation chain *insofar as it was caused by Crescent's failure to obtain Saia's signature on the Warranty Registration Certificate*. Other alleged causes of the lawsuit are not relevant to Volvo's claim because any damages that Volvo seeks to recover in this case are limited to those incurred as a result of the alleged breach of contract, i.e., Koch signing Saia's name on the Warranty Registration Certificate.

That said, AIs 11 and 12 pertaining to the Luciano warranty claims entered into the Volvo warranty system **when limited in scope to the 1997 to 1999 time frame**[6] are arguably relevant to Crescent's causation defense that the Luciano lawsuit was not caused by *any* act or omission by Crescent but rather was caused by Volvo's own acts, including promising and selling Luciano a warranty which it refused or failed to honor. Naturally, Volvo seeks to counter such a broad denial of culpability with evidence of various acts and omissions by Crescent that did in fact cause

---

[6] Given that the trucks were delivered in 1997 and Luciano filed suit in 1999, any warranty issues that arose after this time frame could not have caused the Luciano lawsuit.

14

the Luciano lawsuit, i.e., the allegation that the Luciano lawsuit was caused in part by Crescent's failure to properly administer the Volvo warranty program. The request is open-ended so the Court will limit AIs 11 and 12 to the 1997-1999 time frame which would cover the time that the trucks were on the road up until the Luciano lawsuit was filed in November 1999. The Court makes no determination at this time as to the admissibility of any such evidence given that Volvo's recovery in this case will be based on those damages that it can causally link to the breach that it has pled, i.e., Koch signing Saia's name on the Registration Certificate, but at this time the Court will allow Volvo the discovery it seeks.

Accordingly, Volvo's motion for appeal is GRANTED as to AI's (and corresponding DRs) 11 and 12 pertaining to Luciano warranty claims and Luciano goodwill claims entered into the Volvo warranty system by Crescent as the selling dealer *limited to the 1997 to 1999 time frame*. The motion is DENIED in all other respects.

2. **Cross Appeals pertaining to Crescent's 30(b)(6) Notice to Volvo (Rec. Docs. 138 & 147)**

Volvo asserts that it does not understand portions of the magistrate's ruling and that other portions misstate Volvo's position in this case. Volvo appeals the magistrate's decision

15

to award travel costs and fees to Crescent in conjunction with the Hutchinson deposition.

Crescent appeals the magistrate's decision to quash its 30(b)(6) notice to Crescent on Categories 7 & 8. Crescent argues that these areas of inquiry are relevant to Volvo's claim that the Luciano lawsuit would not have been filed if Saia had signed the basic warranty registration and to Crescent's defense that the Luciano lawsuit was caused by the fault of Volvo in failing to honor warranties it sold to Luciano. Crescent contends that AIs 7 & 8 are intended to elicit information on how Volvo determined what Luciano was charged for the special warranties, what components were included in the determination and the length of time of the coverage, and what components Volvo intended the warranty to cover. Category 7 covers:

> Projected, anticipated, or estimated warranty expenses for the type of truck, engine and components sold to Luciano, and any data, analysis and research concerning warranty trends, failure rates, reliability, and expected repair costs for the type of truck, engine and components sold to Luciano, their engines and components.

Category 8 covers:

> The pricing of and determination of pricing for the warranty or warranties purchased by Luciano in the Luciano Truck Transaction, the method by which the cost/price was determined (charged separately not part of the truck sale price), and the reasons that Crescent was required to pay part of the charge for the custom, additional or special warranty or warranties.

16

The Court finds that Category 8 is relevant to Crescent's assertion that the $185,000 that Luciano allegedly paid to Volvo, as well as the additional monies paid by Crescent, were in consideration for additional warranties. Thus, Crescent's appeal is GRANTED as to category 8. However, the Court is not persuaded that the magistrate judge erred in quashing the notice as to Category 7. Thus, Crescent's motion is DENIED as to that category.

Volvo's motion is DENIED in its entirety.

Accordingly;

**IT IS ORDERED** that the **Motion for Appeal From Magistrate's Discovery Order by Volvo Trucks North American, Inc. (Rec. Doc. 139)** filed by plaintiff Volvo Trucks North America, Inc. should be and is hereby **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to AIs (and corresponding DRs) 11 and 12 (as limited by the Court) and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the **Motion for Appeal of Court's Decision Granting Portions of the 30(b)(6) Notice of Luciano (Rec. Doc. 138)** filed by plaintiff Volvo Trucks North America, Inc. should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **Objection on Behalf of**

Crescent Ford Truck Sales, Inc. To Order of Magistrate Judge on Volvo's Motion to Quash 30(b)(6) Notice and Hutchinson Deposition Notice, At to Categories 7 & 8 of the Deposition Notice Only (Rec. Doc. 147) filed by defendant Crescent Ford Truck Sales, Inc. should be and is hereby **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Category 8 and **DENIED** in all other respects.

* * * * * * *