ZAINEY, J.
FEBRUARY 24, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VOLVO TRUCKS NORTH AMERICAN, INC. | CIVIL ACTION |
| VERSUS | NO. 02-3398 |
| CRESCENT FORD TRUCK SALES, INC. | SECTION "A"(4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Strike Expert Report and To Exclude Testimony of Frank Ruff (Rec. Doc. 144)** filed by defendant Crescent Ford Truck Sales, Inc. ("Crescent"). Plaintiff Volvo Trucks North America, Inc. ("Volvo") opposes the motion. The motion, reset for hearing on January 11, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

I.  **BACKGROUND**

This lawsuit had its beginnings in a bankruptcy proceeding filed by Luciano Refrigerated Transport, Inc., ("Luciano") whose president is Mr. Louis Saia, III ("Saia"). Luciano is (or was) a

customer of both plaintiff Volvo and defendant Crescent. Crescent is an authorized agent, representative and franchise dealer of Volvo Trucks pursuant to a written Dealer Sales and Service Agreement.

On November 20, 1996, Volvo sold to Crescent a fleet of 50 Volvo trucks which were built by Volvo Trucks North America, Inc., for Luciano based on specifications approved by Luciano. Crescent then sold the trucks to Volvo Commercial Finance, L.L.C., which in turn leased the trucks to Luciano. The arrangement was required because Luciano was in financial difficulty and could not get financing to purchase the trucks outright.

The negotiations between Volvo and Luciano were handled orally by Saia for Luciano and Russ Tedder, Vice President of Volvo's Southern Region, for Volvo. Crescent was not a party to those negotiations but was an observer. A purchase order was prepared by Crescent at the direction of Tedder, and signed by Saia for Luciano before the trucks were built. Luciano alleged that during the negotiations Saia expressed concerns regarding the reliability of the Volvo Tractors. (Doc. No. 96, Exh. K, Complaint for Damages filed in the Bankruptcy Court, ¶ 7). Saia claimed that Crescent and Volvo made various representations to help alleviate those concerns and that Saia relied upon these

representations when entering into the Volvo lease.  (Id.).

At the time of the lease, Volvo extended to Luciano three written warranties:  a Basic Truck Warranty Extended for 42 months or 500,000 miles; a Basic Powertrain Warranty, and a VIP C Engine Warranty.  The Basic Truck Warranty and the Basic Powertrain Warranty were activated by a Warranty Registration Certificate which incorporated those two warranties.  That Certificate was purportedly signed by Saia on behalf of Luciano.  Volvo Finance, actual owner of the trucks, assigned the warranties provided by Volvo, the builder of the trucks, to Luciano.  In the bankruptcy proceeding Luciano claimed that Volvo had orally promised a "bumper to bumper" warranty that included everything but batteries.  (Doc. No. 96, Exh. K, Complaint for Damages filed in the Bankruptcy Court, ¶ 8).  Luciano claimed to have paid Volvo $185,000.00 for that warranty but never received a copy in writing.  (Id. ¶¶ 8, 10).  The trucks were delivered in early 1997.

After the trucks were on the road for about a year, disputes arose between Luciano and Volvo regarding coverage under the various warranties.  Luciano claimed to have spent substantial sums of money to repair the Volvo vehicles but that Volvo refused to honor the bumper to bumper warranty.  (Id. ¶ 12).  Negotiations between the parties proved to be fruitless.  Luciano subsequently filed for bankruptcy protection in 1998, and on

November 2, 1999, filed adversary proceeding 99-1224 against Volvo North America and Volvo Commercial Finance, alleging, *inter alia*, fraud on Volvo's part in its failure to honor the oral "bumper to bumper" warranty that Saia claimed to have negotiated directly with Russ Tedder.  (Doc. No. 96, Exh. K).  In discovery on that matter, Volvo learned that Saia had not actually signed the Warranty Registration Certificate.  Rather, Glenn Koch, a salesman with Crescent at that time, actually signed Saia's name to the Warranty Registration Certificate thereby activating the warranties.[1]  Volvo claims that it would have been entitled to summary judgment in the adversary proceeding if Saia had personally signed the Certificate because the Certificate clearly states that no oral warranties can alter the limits and terms of the written warranties.  At the very least, Volvo argues that its defense to Luciano's adversary proceeding was weakened because if Saia did not actually sign the Certificate, he could not be held to its terms.

Volvo claims that Koch's action in signing the Certificate for Saia was in violation of an express contractual provision in Crescent's 1995 Dealer Agreement with Volvo and was an

---

[1] Koch attests that it was common practice for Saia to authorize and instruct him to sign Saia's name to Volvo warranty registrations.  (Doc. No. 96, Exh. 6, Koch Affidavit, ¶ 8).  Saia testified that he did not recall giving Koch permission to sign for him but that Koch might have told him that he had done so.  (Doc. No.96, Exh. E, 3/31/05 Saia Depo. at 24).

4

"egregious" breach of Dealer Agreement, and the cause of substantial damages to Volvo. Volvo filed a third party demand against Crescent in the adversary proceeding asserting that if Volvo were to be found liable to Luciano for any amount then Crescent should reimburse Volvo. (Doc. No. 96, Exh. N, Volvo's Third Party Demand, ¶ 4). Volvo asserted that Luciano was seeking consequential damages based on an oral promise and that such a claim would have been precluded had Saia personally signed the Certificate. Volvo settled with Luciano in February 2002, (Rec. Doc. 96, Exh. O), and the bankruptcy court then dismissed Volvo's third party demand against Crescent for lack of subject matter jurisdiction. Volvo then filed this action against Crescent seeking to recover the full amount of the settlement with Luciano as well as attorney's fees and costs. Volvo claims that Crescent breached the Dealer Agreement when Koch signed Saia's name to the Warranty Certificate and that this breach led to the Luciano lawsuit which Volvo ultimately paid $475,000.00 to settle.

## II.  DISCUSSION

Crescent moves to strike the expert report of Frank Ruff and to exclude his testimony from the trial on the merits of this matter. Crescent argues *inter alia* that Ruff's report contains opinions which are not relevant to any claim, issue, or defense currently before the Court. Crescent contends that the report

5

appears to address the new theories of liability that Volvo attempted to raise via its amended complaint.[2]

In opposition, Volvo argues that Ruff's report is relevant to Crescent's affirmative defense of failure to mitigate damages and to the chain of causation in both the original claim and the amended claim.  Alternatively, Volvo argues that Ruff is a fact witness.

District courts have wide latitude in determining the admissibility of expert testimony.  Watkins v. Telsmith, Inc., 121 F.3d 984, 988 (5th Cir. 1997) (quoting Eiland v. Westinghouse Electric, 58 F.3d 176, 180 (5th Cir. 1995)).  "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ."  Fed. R. Evid. 702. However, the cornerstone for the admissibility of all evidence is "relevancy."  See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").  "'Relevant evidence' means evidence having any tendency to make the existence of any fact

---

[2] Crescent also challenges the timeliness of the report and its compliance with Federal Rule of Civil Procedure 26.  Volvo has filed a separate motion to file an affidavit from Ruff which is intended to cure any Rule 26 deficiencies.  Because the Court concludes that Ruff's opinions are not relevant to any issue pending in this litigation the Court declines to address Crescent's other arguments.

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Ruff's "report" is a two page letter which offers his opinions as to a Volvo dealer's responsibility regarding warranty administration with the end user. (Crescent Exh. H). For instance, Ruff opines that the Volvo dealer must ensure that the buyer understands the exact terms of vehicle warranties before vehicles are placed into service and make clear which components are covered. (Id.). Ruff also opines that the Volvo dealer must ensure that the buyer knows how to obtain warranty repairs when no Volvo dealer is accessible. (Id.).

As the Court explained in its last ruling in which it granted in part and denied in part Volvo's motion for appeal, this lawsuit is Volvo's claim for those damages that it can causally link to a very specific alleged omission, i.e., Crescent's failure to obtain Saia's signature on the Registration Certificate, or more specifically that Koch signed Saia's name to the warranty registration certificate. Ruff's opinions are not relevant to that claim or to any defenses raised in response to that claim. In fact, Volvo's attempt at explaining the relevancy of Ruff's opinions to the original claim is found at page 8 of its opposition. The two sentence "explanation" does nothing to explain how Ruff's opinions are relevant to the original claim.

7

Volvo's inability to explain the connection between Ruff's opinions and the original claim is understandable because Ruff's opinions are not directed at the original claim. Rather, it is clear that Ruff's opinions pertain to the new claims that Volvo attempted to raise via its amended complaint but the Court denied Volvo's motion to amend.

Further, Ruff is by no stretch of the imagination "a fact witness." Ruff has no first-hand knowledge of the events that led to the Luciano lawsuit which was filed in 1999. Ruff obtained all of his "facts" regarding this case from Plaintiff's counsel who contacted him to render an opinion. (See Crescent Exh. H). Nevertheless, even if Ruff were a fact witness his opinions are not relevant to any claim or defense in this case. As such, they are inadmissible.

Accordingly;

**IT IS ORDERED** that the **Motion to Strike Expert Report and To Exclude Testimony of Frank Ruff (Rec. Doc. 144)** filed by defendant Crescent Ford Truck Sales, Inc. should be and is hereby **GRANTED**.

\* \* \* \* \* \* \*