UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VOLVO TRUCKS NORTH AMERICAN, INC.                CIVIL ACTION

VERSUS                                           NO. 02-3398

CRESCENT FORD TRUCK SALES, INC.                  SECTION "A"(4)

## ORDER AND REASONS

Before the Court is a **Renewed Motion for Judgment As a Matter of Law or in the Alternative Motion for New Trial (Rec. Doc. 368)** filed by plaintiff Volvo Trucks North America, Inc., and a **Renewed and Re-Urged Motion for Judgment As a Matter of Law As to a Defense (Rec. Doc. 369)** filed by defendant Crescent Ford Truck Sales, Inc.  Both motions are opposed.  The motions ,set for hearing on September 20, 2006, are before the Court on the briefs without oral argument.

Volvo's Renewed Motion for Judgment As a Matter of Law or in the Alternative Motion for New Trial is DENIED.  Volvo raises 11 arguments in support of its motion, most of which are directed to its contention that the Court erred in allowing evidence of

Volvo's fault toward Luciano.  Volvo contends that the evidence of its fault toward Luciano was unfairly prejudicial and tainted the jury's verdict.

The Court disagrees.  The Court is unpersuaded that the introduction of purported prejudicial evidence caused the jury to decide against Volvo on the causation issue.  Rather, the jury properly decided against Volvo on the causation issue because Volvo presented no evidence to establish that any part of the $475,000 Luciano settlement was linked to Crescent's failure to obtain Luciano's signature on the warranty registration certificate.  Thus, even if the Court had ruled in Volvo's favor and omitted all evidence of Volvo's fault against Luciano the jury still would have had no evidence upon which to conclude that Volvo had met its burden of causation under Louisiana Civil Code article 1994.

Crescent's Renewed and Re-Urged Motion for Judgment As a Matter of Law As to a Defense (Rec. Doc. 369) is likewise DENIED.  The legal question of whether Koch, a mere salesman, could *breach* the Dealership Agreement to which he was not a party is not relevant to the jury's verdict.  The jury concluded that Crescent failed to perform a contractual obligation owed to Volvo.  Implicit in that finding was the jury's determination that the Dealership Agreement required Crescent to obtain Luciano's

signature on the warranty registration certificate.  The undisputed evidence in this case established that Crescent did not perform that task.

    Accordingly;

    **IT IS ORDERED** that the **Renewed Motion for Judgment As a Matter of Law or in the Alternative Motion for New Trial (Rec. Doc. 368)** filed by plaintiff Volvo Trucks North America, Inc. should be and is hereby **DENIED**;

    **IT IS FURTHER ORDERED** that the **Renewed and Re-Urged Motion for Judgment As a Matter of Law As to a Defense (Rec. Doc. 369)** filed by defendant Crescent Ford Truck Sales, Inc. should be and is hereby **DENIED**.

    September 15, 2006

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE